# SUPREME COURT OF THE UNITED STATES

No. 21A539

LOUISIANA, ET AL. *v.* AMERICAN RIVERS, ET AL.

ON APPLICATION FOR STAY

[April 6, 2022]

The application for a stay presented to JUSTICE KAGAN and by her referred to the Court is granted. The district court's October 21, 2021 order, insofar as it vacates the current certification rule, 40 C.F.R. Part 121, is stayed pending disposition of the appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the petition for a writ of certiorari, if such a writ is timely sought. Should the petition for a writ of certiorari be denied, this order shall terminate automatically. In the event the petition for a writ of certiorari is granted, the order shall terminate upon the sending down of the judgment of this Court.

JUSTICE KAGAN, with whom THE CHIEF JUSTICE, JUSTICE BREYER, and JUSTICE SOTOMAYOR join, dissenting.

Five months after the District Court remanded and vacated an Environmental Protection Agency rule, a group of States and industry organizations have asked us to stay the decision pending appeal, claiming that they will otherwise suffer irreparable harm. I would deny the request. This Court may stay a decision under review in a court of appeals "only in extraordinary circumstances" and "upon the weightiest considerations." *Williams* v. *Zbaraz*, 442 U. S. 1309, 1311 (1979) (Stevens, J., in chambers); *Packwood* v. *Senate Select Comm. on Ethics*, 510 U. S. 1319, 1320 (1994) (Rehnquist, C. J., in chambers). The applicants here have not met our standard because they have failed to substan-

tiate their assertions of irreparable harm. The Court therefore has no warrant to grant emergency relief.

To obtain a stay in a case pending before an appellate court, a party (like the applicants here) must make a showing of "irreparabl[e] injur[y] absent a stay." *Nken* v. *Holder*, 556 U. S. 418, 434 (2009); see, *e.g.*, *Teva Pharmaceuticals USA, Inc.* v. *Sandoz, Inc.*, 572 U. S. 1301, 1301–1302 (2014) (ROBERTS, C. J., in chambers). "A stay is an intrusion into the ordinary processes of administration and judicial review." *Nken*, 556 U. S., at 427 (internal quotation marks omitted). It disrupts the usual manner of hearing and considering an appeal before rendering a decision and granting relief. Our disruption of that normal order is justified only "rarely." *Heckler* v. *Lopez*, 463 U. S. 1328, 1330 (1983) (Rehnquist, J., in chambers). An applicant must show more than a likelihood of prevailing on the merits in the appellate court. It must also show an exceptional need for immediate relief. That means the applicant must (at the least) present evidence of irreversible injury—harm occurring during the appeals process that cannot be later redressed. And that evidence must clear a high bar. "[S]imply showing some possibility of irreparable injury fails to satisfy" our test. *Nken*, 556 U. S., at 434–435 (internal quotation marks and citation omitted). The applicant must offer concrete proof that irreparable harm is "likel[y]" to occur. *Hollingsworth* v. *Perry*, 558 U. S. 183, 190 (2010) (*per curiam*).

The applicants here have failed to meet that burden. They claim that the vacated rule gave them "protections" against States that previously "abuse[d]" their statutory authority to review infrastructure projects for compliance with water-quality standards. Application 25. But the applicants have not identified a single project that a State has obstructed in the five months since the District Court's decision. Still more, they have not cited a single project that the court's ruling threatens, or is likely to threaten, in the time before the appellate process concludes. The request

for a stay rests on simple assertions—on conjectures, unsupported by any present-day evidence, about what States will now feel free to do. And the application fails to show that proper implementation of the reinstated regulatory regime—which existed for 50 years before the vacated rule came into effect—is incapable of countering whatever state overreach may (but may not) occur. Even the applicants' own actions belie the need for a stay: Twice, the applicants waited a month before seeking that relief (the first time in the District Court, the second time here). While the applicants thus delayed, the appellate process went forward: The case will be fully briefed in the Court of Appeals next month. The applicants have given us no good reason to think that in the remaining time needed to decide the appeal, they will suffer irreparable harm.

By nonetheless granting relief, the Court goes astray. It provides a stay pending appeal, and thus signals its view of the merits, even though the applicants have failed to make the irreparable harm showing we have traditionally required. That renders the Court's emergency docket not for emergencies at all. The docket becomes only another place for merits determinations—except made without full briefing and argument. I respectfully dissent.